# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS, | 1:11-cv-01012-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS (Docs. 11, 15.) |
| v. | |
| JAMES E. TILTON, et al., | ORDER GRANTING PLAINTIFF ADDITIONAL TIME TO EFFECT SERVICE UPON DEFENDANTS, AFTER SUCH TIME AS THE COURT SCREENS THE COMPLAINT AND FINDS IT SUITABLE FOR SERVICE |
| Defendants. | |

**I.    BACKGROUND**

Martin J. Bibbs ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 7, 2010, at the United States District Court for the Northern District of California. (Doc. 1.) Plaintiff paid the filing fee for this action. Id. On June 16, 2011, this case was transferred to the Eastern District of California. (Doc. 8.)

On June 27, 2011, Plaintiff filed a request for entry of default against the six defendants ("Defendants") named in the Complaint. (Doc. 11.) Defendants have not filed a response to Plaintiff's request.

On July 1, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 12.) Therefore, pursuant to Appendix A(k)(4) of the

1  Local Rules of the Eastern District of California, the undersigned shall conduct any and all
2  proceedings in the case until such time as reassignment to a District Judge is required. Local Rule
3  Appendix A(k)(3).
4      Plaintiff's request for entry of default is now before the Court.
5  **II.    REQUEST FOR ENTRY OF DEFAULT**
6      Entry of default is appropriate as to any party against whom a judgment for affirmative relief
7  is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil
8  Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule
9  12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within
10  21 days after being served with the summons and complaint; or if it has timely waived service under
11  Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).
12  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver
13  of service. Fed. R. Civ. P. 4(d).
14      Before a default will be entered, the court clerk must be satisfied from Plaintiff's request and
15  accompanying documentation that (1) defendant has been served with the summons (or has agreed
16  to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed
17  to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an
18  incompetent person. Fed. R. Civ. P. 55(b)(1); see First American Bank, N.A. v. United Equity Corp.
19  89 F.R.D. 81, 86 (D.C.D.C. 1981).
20      Plaintiff argues that default should be entered against Defendants because they have not
21  responded to the Complaint as required by Federal Rule of Civil Procedure 12(a). Plaintiff asserts
22  that he served summonses and a copy of the Complaint upon each of the Defendants via first class
23  mail on April 8, 2011; the mail was not returned to Plaintiff as undeliverable; and none of the
24  Defendants has responded.
25  **III.    ANALYSIS**
26      **A.    Rule 4 - Service of Process**
27      Pursuant to Rule 4(d)(1), a plaintiff may notify the defendants of the commencement of the
28  action by sending a copy of the complaint by first class mail and requesting that the defendants waive

service of the summons. Fed. R. Civ. P. 4(d)(1). The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to Plaintiff. Id. If the defendants sign and return the waiver forms to the plaintiff, the plaintiff must then file the forms with the Court. After filing the forms with the Court, the plaintiff need not take any further steps to serve the defendants. Fed. R. Civ. P. 4(d)(4). However, if either (1) the plaintiff does not wish to request defendants to waive service or (2) one or more of the defendants fail to return the Waiver of Service of Summons form to the plaintiff, the plaintiff must have personal service effected on the defendants. Each defendant must then be personally served with a summons and copy of the complaint. Fed. R. Civ. P. 4(c).

**B.    Discussion**

The Court finds the following evidence on the court record. On March 29, 2011, the Northern District court issued summonses for the six Defendants named in Plaintiff's Complaint and forwarded them to Plaintiff for service of process.[1] On April 14, 2011, Plaintiff filed a certificate of service of the Complaint and summonses upon Defendants. (Doc. 7.) None of the Defendants has filed an answer or other response to the Complaint. (Court Record.)

Plaintiff has not submitted any evidence demonstrating that he has successfully effected service of process on Defendants pursuant to Rule 4, and none of the Defendants has made an appearance in this action. Fed. R. Civ. P. 4. Plaintiff declares in the certificate of service filed on April 14, 2011 that he served a summons and a copy of the Complaint on each of the six Defendants by first class mail. However, Plaintiff submits no evidence, such as a certified mail receipt, that the summons and complaint were received by any of the Defendants. More importantly, Plaintiff has not submitted a Waiver of Service signed by any of the Defendants, or proof that personal service has been effected upon any of the Defendants. Because Plaintiff has not demonstrated that any of the Defendants was properly and successfully served, he is not entitled to entry of default against any of the Defendants. Therefore, Plaintiff's request for entry of default shall be denied.

Plaintiff shall be granted additional time in which to serve process. However, before Plaintiff

---

[1] Because Plaintiff paid the filing fee for this action, he is not proceeding in forma pauperis and is therefore responsible for serving process himself.

makes another attempt to serve the Defendants, the Court shall screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.[2]  If the Court finds the Complaint suitable for service, the Court shall send Plaintiff instructions for serving process.  Until such time, Plaintiff need not attempt to serve Defendants.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for entry of default against Defendants is DENIED;
2. Plaintiff shall be granted additional time to effect service upon Defendants, after such time as the Court screens Plaintiff's Complaint and finds it suitable for service; and
3. The Court shall screen Plaintiff's Complaint in due time.

IT IS SO ORDERED.

Dated:   **December 8, 2011**               /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The court is required to screen complaints brought by prisoners, such as Plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).