# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS, | 1:11-cv-01012-GSA-PC |
| Plaintiff, | ORDER RESPONDING TO PLAINTIFF'S NOTICE |
| v. | (Doc. 10.) |
| JAMES E. TILTON, et al., | |
| Defendants. | |

Martin J. Bibbs ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 7, 2010, at the United States District Court for the Northern District of California. (Doc. 1.) Plaintiff paid the $350.00 filing fee for this action and therefore is not proceeding in forma pauperis. Id. On June 16, 2011, this case was transferred to the Eastern District of California. (Doc. 8.) On July 1, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 12.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On June 4, 2012, Plaintiff notified the Court in writing that he would like to dismiss the Complaint without prejudice if he will be reimbursed the $350.00 filing fee which he paid in full.

(Doc. 17.) Conversely, Plaintiff stated that if the filing fee will not be reimbursed, he does not wish to dismiss the Complaint. Id.

Plaintiff is entitled to voluntarily dismiss this action, without prejudice, under Rule 41 of the Federal Rules of Civil Procedure. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). However, if Plaintiff chooses to dismiss this action, the $350.00 filing fee will not be reimbursed. The filing fee is collected by the Court as payment for filing the case, and Plaintiff's case was filed. The subsequent dismissal of a case does not change the fact that the case was filed. Even if Plaintiff were proceeding in forma pauperis, without *prepayment* of the filing fee, he would be required to pay the filing fee in full, notwithstanding dismissal of the action. 28 U.S.C. 1915(a)(2) (emphasis added).

In light of the foregoing, and based on Plaintiff's notice that he does not wish to voluntarily dismiss this action unless he will be reimbursed the $350.00 filing fee, the Court shall not dismiss this action at this juncture under Rule 41.

IT IS SO ORDERED.

Dated:  **June 15, 2012**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE