# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS, | 1:11-cv-01012-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| JAMES E. TILTON, et al., | (Doc. 19.) |
| Defendants. | |

**I.  BACKGROUND**

Martin J. Bibbs ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 7, 2010, at the United States District Court for the Northern District of California. (Doc. 1.) Plaintiff paid the filing fee for this action. Id. On June 16, 2011, this case was transferred to the Eastern District of California. (Doc. 8.)

On July 1, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 12.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On June 27, 2011 and November 10, 2011, Plaintiff filed motions for entry of default against defendants. (Docs. 11, 15.) On December 8, 2011, the Court entered an order denying Plaintiff's

1

motions for entry of default and granting Plaintiff additional time to serve process after such time as the Court screens the Complaint and finds it suitable for service. (Doc. 16.) On August 10, 2012, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. 19.)

## II.     MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the Court is not required to screen his Complaint to determine its suitability for service, because the Complaint was already screened and found suitable for service at the Northern District of California before the case was transferred to the Eastern District. Plaintiff argues that the undersigned has no jurisdiction to revoke the Northern District's finding that the case is suitable for service.

As Plaintiff was advised in the Court's order of December 8, 2011, the court is required to screen complaints brought by prisoners, such as Plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). While it is evident on the court record that the Clerk at the Northern District issued summonses and forwarded them to Plaintiff for service of process in this action, there is no evidence on the record that Plaintiff's Complaint received the requisite screening by the Court. (Docs. 6, 7.) Therefore, the Court shall screen the Complaint at this juncture to determine whether Plaintiff states cognizable claims for relief against any the defendants. After the Court has screened the complaint, the Court will issue an order with instructions for Plaintiff to serve process.

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on August 10, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **August 23, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE