UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARTIN BIBBS,

    Plaintiff,

vs.

JAMES TILTON, et al.,

    Defendants

Case No. 1:11 cv 01012 GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction Pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi (CCI). The events that give rise to this lawsuit occurred while Plaintiff was housed at CCI. Plaintiff names the following individual defendants:  B. Kingston, Special Agent with the Office of Correctional Safety (OCS); Lt. J. Gentry, Institutional Gang Investigator (IGI); G. Adame; J. Tyree. Plaintiff also names CDCR Secretary James Tilton and Pelican Bay State Prison Warden G. Lewis. Plaintiff claims that he was improperly validated as a member of a prison gang.

Plaintiff alleges that on June 29, 2007, Defendant Tyree gathered and redacted "false, unsupported, unreliable and uninvestigated allegations against Petitioner." On January 4, 2008, and March 4, 2008, Defendant IGI Adame "gathered and redacted false, unreliable, and uninvestigated allegations/information against Petitioner, which, if minimally investigated, would have proven to be false, impossible of truth."

Plaintiff alleges that on April 11, 2008, he was removed from the General Population at CCI and placed in Administrative Segregation (AdSeg) "based on unsupported, unusable, and uninvestigated allegations." Plaintiff was eventually validated as a prison gang member on May 6, 2008. Plaintiff alleges that when Defendant Gentry submitted the validation packet to OCS on April 18, 2008, "even after Petitioner advised him and presented him with facts in writing, supporting Petitioner's innocence in the allegations, and demonstrating the impossibility of truth in the allegations." Plaintiff alleges that Defendant Kingston failed to review, consider or investigate Plaintiff's written rebuttal when he decided to validate Plaintiff on May 6, 2008.

The Supreme Court has held that indefinite placement in Ohio's "supermax" facility, where inmates are not eligible for parole consideration, imposed an "atypical and significant hardship within the correctional context." Wilkinson, 545 U.S. at 223-25. Since indefinite placement in California's SHU may render an inmate ineligible for parole consideration, this may create a liberty interest in not being placed indefinitely in the SHU which would entitle prisoners to the minimal procedural protections upon initial validation and subsequent reviews. See Ellis v.Cambra, No. 1:02-cv-05646 AWI SMS PC, 2010 WL 4137158, *8 (E.D. Cal. Oct. 19, 2010).

"It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity." Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003). To that end, California has developed procedures to identify and segregate gang members. See Cal.Code Regs., tit. 15 § 3378. To comply with due process, prison officials must provide the inmate with "some notice of the charges against him, and the opportunity to present his views to the prison official charged

3

with deciding whether to transfer him to administrative segregation. Bruce, 351 F.3d at 1287. Here, Plaintiff was notified of the charges against him, was informed of the evidence indicating his status as a gang member, and was given an opportunity to respond. That procedure satisfied due process. Barnett v. Centoni, 31 F.3d 813, 815 (1994).

Rather than verbally presenting his arguments, Plaintiff chose to present a rebuttal argument. While Plaintiff alleges that his rebuttal evidence was not considered, it is equally plausible that due to the amount of evidence showing gang activity, nothing set forth in the rebuttal was sufficient to overcome the totality of evidence supporting the conclusion that he was a gang associate. Plaintiff has not alleged any facts suggesting that he was not notified that he was going to be validated, or that he was not informed of the evidence and given an opportunity to respond. Wilkinson, 545 U.S. at 228-29. Plaintiff therefore fails to state a cognizable claim based upon facts alleged in the complaint. The complaint should therefore be dismissed. Plaintiff will, however be granted leave to file an amended complaint.

Further, Plaintiff names as defendants Pelican Bay State Prison Warden Lewis and CDCR Secretary Tilton. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims

4

Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

5

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **April 19, 2013**          **/s/**
**Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE