UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN BIBBS,<br><br>        Plaintiff,<br><br>   vs.<br><br>JAMES TILTON, et al.,<br><br>        Defendants. | 1:11-cv-01012-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.    BACKGROUND**

Martin Bibbs ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 7, 2010. (Doc. 1.)

On July 1, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance. (Doc. 12.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the Complaint and entered an order on April 19, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 21.) On May 6, 2013,

Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 22.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Pelican Bay State Prison in Crescent City, California. The events at issue in the First Amended Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants B. Kingston (Special Agent, Office of

Correctional Safety ("OCS")), Lieutenant J. Gentry (Institutional Gang Investigator ("IGI")), G. Adame (IGI), and J. Tyree (IGI) (collectively "Defendants").  Plaintiff's factual allegations follow.

In January 1992, Plaintiff was validated as an associate of the Mexican Mafia prison gang (EME).  That validation has never been rescinded.

From December 2005 to April 10, 2008, Plaintiff was housed on the General Population at CCI.  On June 29, 2007, IGI J. Tyree identified Plaintiff as an "active" (involved in current gang activity) member and participant of an established Mesa (governing body of the EME) on the facility.  Plaintiff and the other members of this established Mesa were conducting all their business on behalf of and for the benefit of the EME.  This information was discovered, but IGI J. Tyree did not identify one instance in which Plaintiff did anything for the prison gang.  Because no actual gang activity was cited, Plaintiff was not removed from the General Population.

On January 14, 2008, IGI G. Adame submitted false information as evidence for Plaintiff's re-validation as an "active" associate, alleging that Plaintiff was identified as being responsible for activities being conducted in housing unit 2-A Section.  However, Adame did not identify a single activity Plaintiff was responsible for.  To warrant indefinite Ad-Seg placement, gang activity must be shown.  So Plaintiff was not removed from the General Population at that time.

On March 4, 2008, IGI G. Adame knowingly submitted false information in the re-validation of Plaintiff.  Adame stated that Plaintiff heard a phone conversation by another inmate, which was impossible according to Housing Movement records which showed that Plaintiff was in his cell on the opposite side of the building at the time of the alleged phone call.  Adame denied Plaintiff any consideration in his rebuttal to the allegations and knowingly used false information, in collusion with IGI J. Tyree, resulting in Plaintiff being indefinitely segregated in Ad-Seg.

On April 3, 2008, OCS Special Agent B. Kingston launched an operation called "Swift Response" to investigate the activities of the EME at CCI's IV-A Facility where Plaintiff was

housed. That investigation turned up confidential information that Plaintiff was engaged with the EME. The OCS investigation was concluded on April 3, 2008 and rubber-stamped again by OCS on May 6, 2008.

On April 9, 2008, Assistant IGI C. A. Eubanks (not a named defendant) completed his investigation into Plaintiff's continued association with the EME, which had been decided in 1992 and had already been re-decided by OCS's investigation of April 3, 2008.

On April 10, 2008, Plaintiff was removed from the General Population and placed in Administrative Segregation (Ad-Seg), pending his re-validation as an "active" associate of a prison gang.

On April 18, 2008, IGI Lieutenant J. Gentry submitted a false re-validation packet to OCS for Plaintiff's validation as a prison gang associate. The report lacked any actual gang activity by Plaintiff, and the matter had already been decided by OCS two weeks earlier, which Gentry knew because he was part of OCS's April 3, 2008 investigation and decision.

Plaintiff requests the reversal of his "active" gang validation status and release from the SHU. He seeks injunctive relief instructing defendants to cease using identification criteria as a substitute for actual gang activity, and an award of full due process in the active/inactive categorization process. Plaintiff also seeks a declaratory judgment and monetary damages.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### Due Process – Gang Validation – Ad-Seg Placement

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Id. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). If a protected interest is identified, the inquiry then turns to what process is due. Wilkinson, 545 U.S. at 224.

The assignment of validated gang members and associates to Ad-Seg or the Security Housing Unit (SHU) is an administrative measure rather than a disciplinary measure, and is

"essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)).  As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review.  Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472.  In addition to these minimal protections, there must be "some evidence" supporting the decision.  Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)). Although discussed in the context of a disciplinary hearing, the Ninth Circuit has stated that under the Hill standard, the evidence should have some indicia of reliability.  Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

The Supreme Court has held that indefinite placement in Ohio's "supermax" facility, where inmates are not eligible for parole consideration, imposed an "atypical and significant hardship within the correctional context."  Wilkinson, 545 U.S. at 223-25.  Since indefinite placement in California's SHU may render an inmate ineligible for parole consideration, this may create a liberty interest in not being placed indefinitely in the SHU which would entitle prisoners to the minimal procedural protections upon initial validation and subsequent reviews. See Ellis v.Cambra, No. 1:02-cv-05646 AWI SMS PC, 2010 WL 4137158, *8 (E.D. Cal. Oct. 19, 2010).

"It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity."  Bruce, 351 F.3d at 1289.  To that end, California has developed procedures to identify and segregate gang members.  See Cal.Code Regs., tit. 15 § 3378.  To comply with due process, prison officials must provide the inmate with "some notice of the charges against him, and the opportunity to present his views to the prison official charged."  Bruce, 351 F.3d at 1289. While Plaintiff alleges that some false information was used by defendants in deciding his re-validation, Plaintiff does not deny that defendants had "some evidence" with "some indicia of reliability" to decide that he was an "active" gang associate and should be housed indefinitely in Ad-Seg.  Plaintiff has not alleged that the totality of evidence supporting the conclusion that he was an "active" gang associate was insufficient.  Nor has Plaintiff alleged

any facts suggesting that he was not notified that he was going to be validated, or that he was not informed of the evidence and given an opportunity to respond. Wilkinson, 545 U.S. at 228-29. Plaintiff therefore fails to state a cognizable claim for denial of due process based upon facts alleged in the First Amended Complaint. The First Amended Complaint should therefore be dismissed.

## V.   CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend shall not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1.   This action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

2.   This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.   The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **January 10, 2014**              **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE