UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN BIBBS,<br><br>        Plaintiff,<br><br>   vs.<br><br>JAMES TILTON, et al.,<br><br>        Defendants. | 1:11-cv-01012-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 25.) |

## I.    BACKGROUND

Martin Bibbs ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 7, 2010. (Doc. 1.)

On July 1, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance. (Doc. 12.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On January 13, 2014, the court entered an order dismissing this case, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983 in the First Amended Complaint, and ordered that the dismissal is subject to the "three-strikes"

///

provision set forth in 28 U.S.C. § 1915(g). (Doc. 23.)  On January 23, 2014, Plaintiff filed a motion for reconsideration of the order dismissing the case. (Doc. 25.)

**II.     MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir. 1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. <u>Zimmerman v. City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001); <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. <u>Walker v. Giurbino</u>, 2008 WL 1767040, *2 (E.D.Cal. 2008). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff argues that because he did not proceed in forma pauperis in this case, the "three strikes" provision of 28 U.S.C. § 1915(g) does not apply to the dismissal of this case. Plaintiff argues that the statute only places a "three strikes" restriction on cases filed in forma pauperis.

Section 1915(g) provides, in its entirety:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action of proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).  The plain language of the statute limits a prisoner from *bringing* a civil action *in forma pauperis* if the prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim.  Id. (emphasis added).  However, there is no provision in the statute requiring that the "three prior cases dismissed" were brought in forma pauperis.  Therefore, the fact that Plaintiff paid the filing fee for this case does not preclude dismissal of the case as subject to the "three strikes" provision of § 1915(g).

Plaintiff's remaining arguments do not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on January 23, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **January 24, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE